D'AGOSTINO LEVINE & LANDESMAN, L.L.P.
345 SEVENTH AVENUE
NEW YORK, NY 10001
TELE: 212 564-9800

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------X

JOHN GAENZLER AND
SARA MOSCOSO-GAENZLER,

                Plaintiff,                        Index No. 1:09-cv-01303-DLI-RLM

            -against-                       ANSWER

BORDEN EAST RIVER REALTY LLC,

                Defendant.

----------------------------------------------------------X

      Defendant BORDEN EAST RIVER REALTY LLC, by its attorneys D'Agostino Levine & Landesman, L.L.P., as and for its answer to the complaint, states as follows:

1. Neither admits nor denies the allegations of paragraph 1 of the plaintiffs' complaint as same simply purport to summarize the nature of the complaint and characterize certain federal statutes.

2. Denies each and every allegation of paragraph 2 of the plaintiffs' complaint, except admits that on or about October 16, 2007, transactional counsel for defendant received from transactional counsel for plaintiffs, a condominium contract for the purchase of Unit D7 and Roof Terrace Unit R17 (collectively, the "Unit"), in the One Hunters Point

Condominium, 5-49 Borden Avenue, Long Island City, NY (the "Project"), which contract was signed by plaintiffs along with a downpayment in the amount of $71,885 from the plaintiffs. The contract was countersigned by defendant, as sponsor, on or about October 18, 2007. On October 18, 2007, the fully signed contract (the "Contract") was sent to the plaintiffs' transactional counsel, and the downpayment was deposited by the escrow agent.

3. Denies the allegations of paragraph 3 of the plaintiffs' complaint.

4. Denies the allegations of paragraph 4 of the plaintiffs' complaint, except admits that on or about March 16, 2009, plaintiffs' counsel Lawrence C. Weiner communicated in writing to defendant that the plaintiffs wanted their contract deposit refunded.

5. Denies the allegation of paragraph 5 of the plaintiffs' complaint.

6. Neither admits nor denies the allegations of paragraph 6 of the plaintiffs' complaint as same simply purport to summarize the nature of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the plaintiffs' complaint.

8. Denies the allegations of paragraph 8 of the plaintiffs' complaint except admits defendant Borden has a mailing address c/o Simone Development, LLC, 1000 Main Street, New Rochelle, NY 10801 and respectfully refers all conclusions of law to the Court for determination.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the plaintiffs' complaint except admits plaintiffs seek to

2

rescind their Contract and respectfully refers all conclusions of law to the Court for determination.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the plaintiffs' complaint and respectfully refers all conclusions of law to the Court for determination.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the plaintiffs' complaint and respectfully refers all conclusions of law to the Court for determination.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the plaintiffs' complaint and respectfully refers all conclusions of law to the Court for determination.

13. Admits the allegations of paragraph 13 of the plaintiffs' complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the plaintiffs' complaint, except admits that it has used the mails, used overnight delivery services and purchased a variety of materials from many sources and respectfully refers all conclusions of law to the Court for determination.

15. Denies each and every allegation contained in paragraph 15 of the plaintiffs' complaint, except admits that the Unit was offered for sale pursuant to a condominium offering plan for 132 residential units, duly accepted for filing by the New York State Department of Law on September 11, 2007.

16. Denies each and every allegation of paragraph 16 of the plaintiffs' complaint, except admits that on or about October 16, 2007, transactional counsel for defendant received from transactional counsel for plaintiffs, a condominium contract for the purchase of Unit D7 and Roof Terrace Unit R17 (collectively, the "Unit"), in the One Hunters Point Condominium, 5-49 Borden Avenue, Long Island City, NY (the "Project"), which contract was signed by plaintiffs along with a downpayment in the amount of $71,885 from the plaintiffs. The contract was countersigned by defendant, as sponsor, on or about October 18, 2007. On October 18, 2007, the fully signed contract (the "Contract") was sent to the plaintiffs' transactional counsel, and the downpayment of $71,885 was deposited by the escrow agent.

17. Denies each and every allegation contained in paragraph 17 of the plaintiffs' complaint.

18. Denies each and every allegation contained in paragraph 18 of the plaintiffs' complaint.

19. Denies each and every allegation contained in paragraph 19 of the plaintiffs' complaint.

20. Denies each and every allegation contained in paragraph 20 of the plaintiffs' complaint.

21. Denies each and every allegation contained in paragraph 21 of the plaintiffs' complaint and respectfully refers all conclusions of law to the Court for determination.

22. Denies each and every allegation contained in paragraph 22 of the plaintiffs' complaint.

23. Denies each and every allegation contained in paragraph 23 of the plaintiffs' complaint.

24. Denies each and every allegation contained in paragraph 24 of the plaintiffs' complaint, except admits receipt of a communication requesting the refund of the plaintiffs' deposit.

25. Denies each and every allegation contained in paragraph 25 of the plaintiffs' complaint.

26. Repeats and reiterates its responses to each and every allegation which is incorporated by reference in paragraph 26 of the plaintiffs' complaint.

27. Denies each and every allegation contained in paragraph 27 of the plaintiffs' complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the plaintiffs' complaint, except admits that the Unit was offered for sale pursuant to a condominium offering plan for 132 residential units, duly accepted for filing by the New York State Department of Law on September 11, 2007, and that it has used the mails and respectfully refers all conclusions of law to the Court for determination.

29. Denies each and every allegation contained in paragraph 29 of the plaintiffs' complaint.

30. Denies each and every allegation contained in paragraph 30 of the plaintiffs' complaint except admits that it is exempt from filing with HUD.

31. Denies each and every allegation contained in paragraph 31 of the plaintiffs' complaint.

32. Denies each and every allegation contained in paragraph 32 of the plaintiffs' complaint.

33. Denies each and every allegation contained in paragraph 33 of the plaintiffs' complaint.

34. Denies each and every allegation contained in paragraph 34 of the plaintiffs' complaint and respectfully refers all conclusions of law to the Court for determination.

35. Denies each and every allegation contained in paragraph 35 of the plaintiffs' complaint.

36. Denies each and every allegation contained in paragraph 36 of the plaintiffs' complaint and respectfully refers all conclusions of law to the Court for determination.

37. Denies each and every allegation contained in paragraph 37 of the plaintiffs' complaint and respectfully refers all conclusions of law to the Court for determination.

38. Denies each and every allegation contained in paragraph 38 of the plaintiffs' complaint and respectfully refers all conclusions of law to the Court for determination.

39. Denies each and every allegation contained in paragraph 39 of the plaintiffs' complaint.

40. Denies each and every allegation contained in paragraph 40 of the plaintiffs' complaint.

41. Denies each and every allegation contained in paragraph 41 of the plaintiffs' complaint, except admits that the Unit was offered for sale pursuant to a condominium offering plan for 132 residential units, duly accepted for filing by the New York State Department of Law on September 11, 2007 and respectfully refers all conclusions of law to the Court for determination.

42. Denies each and every allegation contained in paragraph 42 of the plaintiffs' complaint and respectfully refers all conclusions of law to the Court for determination.

43. Denies each and every allegation contained in paragraph 43 of the plaintiffs' complaint.

44. Admits the allegations of paragraph 44 of the plaintiffs' complaint.

45. Admits the allegations of paragraph 45 of the plaintiffs' complaint.

46. Admits the allegations of paragraph 46 of the plaintiffs' complaint.

47. Neither admits nor denies the allegations of paragraph 47 of the plaintiffs' complaint as same simply purport to summarize the nature of a certain federal statute.

48. Denies each and every allegation contained in paragraph 48 of the plaintiffs' complaint.

49. Denies each and every allegation contained in paragraph 49 of the plaintiffs' complaint.

50. Denies each and every allegation contained in paragraph 50 of the plaintiffs' complaint.

51. Denies each and every allegation contained in paragraph 51 of the plaintiffs' complaint, except admits that the Unit was offered for sale pursuant to a condominium offering plan for 132 residential units, duly accepted for filing by the New York State Department of Law on September 11, 2007.

52. Denies each and every allegation contained in paragraph 52 of the plaintiffs' complaint and respectfully refers all conclusions of law to the Court for determination.

53. Admits the allegations of paragraph 53 of the plaintiffs' complaint.

54. Denies each and every allegation contained in paragraph 54 of the plaintiffs' complaint.

55. Denies each and every allegation contained in paragraph 55 of the plaintiffs' complaint.

56. Denies each and every allegation contained in paragraph 56 of the plaintiffs' complaint, except admits that on or about March 16, 2009, plaintiffs' counsel Lawrence C. Weiner communicated in writing to defendant that the plaintiffs wanted their contract deposit refunded and respectfully refers all conclusions of law to the Court for determination.

57. Denies the allegations of paragraph 57 of the plaintiffs' complaint.

FIRST DEFENSE TO PLAINTIFFS' COMPLAINT

58. The provision of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. §1701, et seq., requiring registration and disclosure, are not applicable to the Project pursuant to 15 U.S.C. §1702 (b)(1) as a sale or lease of lots in a subdivision containing fewer than one hundred (100) lots.

59. HUD's Full Disclosure Action Exemptions Supplemental Information to Part 1710, Part V, sets forth the proper application and interpretation of the governing statute and provides the following example:

> "For example, a developer of a subdivision containing a total of 129 lots since April 28, 1969, qualifies for this exemption if at least 30 lots are sold in transactions that are exempt because the lots had completed homes erected on them. The 30 exempt transactions may fall within any one exemption or a combination of exemptions noted in Sec. 1710.5 (b) through (h) and may be either past or future sales. In the above example, the developer also could qualify if twelve lots had been sold with residential structures already erected on them, nine lots had been sold to building contractors and at least nine lots were reserved for either the construction of homes by the developer or for sales to building contractors. The reserved lots need not be specifically identified."

60. The Project is an initial offering, pursuant to a duly filed New York State Condominium Offering Plan of one hundred thirty-two (132) residential units, with twenty-six (26) accessory roof terrace units and twenty-five (25) accessory parking space units. Pursuant to Section 5.7(B) of the recorded condominium by-laws, the roof terraces and parking spaces "shall only be used … by Owners and tenants and occupants of the Unit[s]." The by-laws further provide that "Ownership of Roof Terrace Units and Parking Space Units is restricted to the Sponsor and Residential Unit Owners."

61. Of the one hundred thirty-two (132) residential units in the initial offering plan for the Project, fifty-eight (58) units are not subject to registration and disclosure for the

8

following reasons.  On February 17, 2009, a temporary certificate of occupancy was issued for the Hunter's Point Project, so that all unsold units at that point in time are exempt pursuant to 15 U.S.C. §1702(a)(2) as sale of improved units.  As of February 17, 2009, fifty-seven (57) units were unsold and additional unit, Unit 2M, was sold on that day, so that a total of fifty-eight (58) units were exempt from registration and disclosure.  Thus, the total number of lots for purposes of the 15 U.S.C. §1702(b)(1) exemption is 74, which is "fewer than 100."

62.  By virtue of the foregoing, the Project is not subject to the registration and disclosure, and plaintiffs therefore has no right or option to revoke under 15 U.S.C. §1703(c).

### SECOND DEFENSE TO PLAINTIFFS' COMPLAINT

63.  Additionally, or alternatively, the Project is not subject to registration and disclosure because of substantial compliance with 15 U.S.C. §1702 (b)(5) , §1702 (b)(7) and §1702(b)(8).

### THIRD DEFENSE TO PLAINTIFFS' COMPLAINT

64.  This action, as alleged in paragraph 9 of the plaintiffs' complaint, and as allegedly authorized by 15 U.S.C. §1709 (b), is commenced "in equity" to "rescind a sale and purchase agreement," and as such is subject to fundamental equitable principals of jurisprudence.

65.  The legislative purpose of the ISLDA is to promote full disclosure and prevent fraud in connection with sales of land in interstate commerce.

9

66. Plaintiffs have not, and cannot make, any bona fide allegations of fraud, or any non-disclosure which is proximately related to plaintiffs' attempts to rescind the Contract.

67. Plaintiffs' desire and attempt to rescind the Contract is, upon information and belief, based solely upon current economic conditions, completely unrelated to the purposes of ILSFDA.

68. Allowing plaintiffs, or persons similarly situated, to rescind contract(s) based upon current economic conditions, completely unrelated to the purposes of ILSFDA is against public policy to the extent that such claims potentially undermine the stability of the real estate market and financial system at a time the Federal Government has been enacting a variety of emergency legislation to stabilize the economy.

69. Rescission, lying in equity, is a matter of discretion, and the equitable remedy of rescission is only to be invoked where there is lacking a complete and adequate remedy at law and where the status quo may be substantially restored.

70. Because of current economic conditions, it is not possible to restore the status quo and allowing rescission would result in a windfall to plaintiffs and/or unfairly harm the defendant.

71. Under such circumstances, equity should limit any recovery by plaintiffs to any monetary damages plaintiffs can prove are proximately related to any claimed lack of disclosure or fraud, which upon information and belief do not exist.

WHEREFORE, defendant demands judgment dismissing the plaintiffs' complaint in its entirety and awarding defendant legal fees and court costs and such other and further relief as the Court may seem just and proper.

Dated: May 1, 2009

D'AGOSTINO, LEVINE & LANDESMAN, LLP

By: _____
Bruce H. Lederman (5758)
Attorneys for the Defendant
345 Seventh Avenue, 23rd Floor
New York, NY 10001
Tel: (212) 564-9800
Fax: (212) 564-9802

G:\Tzimopoulos\Simone\Borden adverse Gaenzler\BordenAns.doc